UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIOSDADO GRUSPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-01040 (JR) |
| ) | |
| DONALD C. WINTER, ) | |
| Secretary of the Navy, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Donald C. Winter, Secretary of the Navy, by and through the undersigned attorneys, moves the Court to dismiss this action pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. In short, Plaintiff is not considered a citizen of the United States and thus fails to state a claim upon which relief can be granted.

August 25, 2008.                                   Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


    /s/
CHRISTIAN A. NATIELLO, D.C. BAR #473960
Assistant United States Attorney
555 Fourth St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIOSDADO GRUSPE,[1]    )<br>                                          )<br>        Plaintiff,                 )<br>                                          )<br>    v.                                    )    Civil Action No. 1:08-cv-01040  (JR)<br>                                          )<br>DONALD C. WINTER,       )<br>Secretary of the Navy,         )<br>                                          )<br>        Defendant.              )<br>                                          ) | |

**POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

**I.   Background**

In September of 2007, Plaintiff filed a formal employment discrimination administrative complaint against Defendant.[2] In his administrative complaint, Plaintiff alleged that he was the victim of unlawful employment discrimination and reprisal for prior protected activity because Defendant failed to inform him of his right to make payments into the Civil Service Retirement and Annuity Funds or the Philippines Retirement System. Plaintiff claimed that, as a consequence, he was not entitled to retirement benefits when he retired in 1992. According to Plaintiff, Defendant "rejected [his discrimination] claim on the ground that [he has] no right to come within Title VII of the Civil Rights Act…pursuant to 29 [] C.F.R. 1614.03(c)(4), which provided that 'Aliens employed in positions, or who apply for positions, located outside the

---

[1] It appears as though a mistake has been made with respect to the captioning of this case. The official case caption lists Plaintiff as "Diosdado Gruspe Libertad." Defendant believes, however, that Plaintiff's name is simply "Diosdado Gruspe" and that "Libertad" is the first line in Plaintiff's address. For support of this belief, Defendant points the Court to Plaintiff's signature line on page 7 of the Complaint.

[2] As a threshold matter, Defendant argues that this Court lacks personal jurisdiction over Defendant because Plaintiff has not served Defendant in this case. In his return of service affidavit, Plaintiff seems to have attached proof that he sent a mailing intended to reach Defendant via certified mail, but attaches nothing suggesting that Defendant actually received the mailing.

limits of the United States' are not covered under Title VII." Complaint at p. 2. Plaintiff's administrative complaint was dismissed on March 5, 2008.

Because of the dismissal of Plaintiff's administrative complaint based on the grounds that he is considered an alien, Plaintiff now brings this suit to federal court for a determination that he is a citizen of the United States. According to Plaintiff, he should be considered an American citizen by virtue of having been born in the Philippine Islands on September 14, 1937. Complaint at 6. He alleges that his birthday falls within a ten (10) year transition period when the Philippines were governed under the Treaty of Paris and the Philippines Independence Act. Plaintiff cites a number of treaties and acts but reaches a conclusion that is incomplete. As will be discussed below, Plaintiff is not, and never was, a citizen of the United States and is instead, an alien.

**II. Argument**

Before addressing Plaintiff's demand in this case[3] as to whether or not Plaintiff is (or was) a citizen of the United States despite his being born in the Philippines, a short history of the relationship between the United States and the Philippines is required. "The archipelago known as the Philippine Islands was ceded to the United States by Spain effective April 11, 1899." Cabebe v. Acheson, 183 F.2d 795, 798 (9th Cir. 1950). The treaty in which Spain ceded the Philippines to the United States is called the Treaty of Paris. Id. at 802 n. 11. It was declared in the Treaty of Paris that the "civil rights and political status of the native inhabitants of the territories hereby ceded to the United States shall be determined by the Congress of the United States." Id. at 798.

---

[3]    Plaintiff's demand in this case is for the Court to "confirm[his] having been a U.S. citizen." Complaint at 7.

With the encouragement of the United States, the Philippines subsequently enacted a naturalization law in 1920, which provided the various ways in which a person could become a Philippine citizen. One way, as is very typical in naturalization laws, is to be born in the Philippines, as Plaintiff was.

The naturalization act that was enacted in 1920 had its roots in a United States law called the Jones Act. The Jones Act sought to establish Philippine independence in the near future. "The preamble to the Jones Act, [] the organic act with respect to Philippine independence, declared the following: '[I]t is, as it has always been, the purpose of the people of the United States to withdraw their sovereignty over the Philippine Islands and to recognize their independence as soon as a stable government can be established therein.'" Id. at 799.

Pursuant to the stated intent of Congress to make the Philippines an independent nation, in 1934, Congress enacted the Philippine Independence Act (also known as the Tydings-McDuffie Act of 1934). The Act specifically stated that:

> For the purposes of the [United States] Immigration Act of 1917, [and] the [United States] Immigration Act of 1924, this section, and all other laws of the United States relating to the immigration, exclusion, or expulsion of Aliens, **citizens of the Philippine Islands who are not citizens of the United States shall be considered as if they were aliens**.

Id. at 799. (Emphasis added). This all-important language is the one piece of the puzzle that Plaintiff omits from his Complaint; *i.e.*, Plaintiff relies on the Treaty of Paris generally, whereas the Philippines Independence Act contains the above provision.[4] The provision deals specifically with the status of Philippine citizens during the time period in which Plaintiff was born.

---

[4] The Cabebe court also specifically addressed Plaintiff's claim that he was a citizen of the United States by virtue of the Treaty of Paris: "Filipinos were not made citizens of the United States by the Treaty of Paris. And, they have never been collectively naturalized by [any] legislation." Id. at 799-800.

Closing the loop, Plaintiff was born on September 14, 1937 in the Philippines. Complaint at 6. He thus was not, obviously, a citizen of the United States in 1934 at the time the Philippines Independence Act was enacted. Because he was born after the enactment of the Philippines Independence Act, he is considered an alien to the United States by the clear terms of that Act. Plaintiff's Complaint should therefore be dismissed.

### III. Conclusion

Wherefore, for the reasons described above in support of his Motion to Dismiss, Donald C. Winter, Defendant, respectfully requests that the Court dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff simply fails to state a claim upon which relief can be granted.

August 25, 2008.                              Respectfully submitted,

                                              /s/
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney

                                              /s/
                                              RUDOLPH CONTRERAS, D.C. BAR #434122
                                              Assistant United States Attorney

                                              /s/
                                              CHRISTIAN A. NATIELLO, D.C. BAR #473960
                                              Assistant United States Attorney
                                              555 Fourth St., N.W.
                                              Room E4112
                                              Washington, D.C. 20530
                                              (202) 307-0338

Of Counsel:

TELIN W. OZIER
Senior Trial Counsel
Department of the Navy

Office of the General Counsel
Navy Litigation Office/CPL Team
720 Kennon St., S.E.
Bldg. 36, Room 256
Washington Navy Yard, D.C. 20374-5013
WK: 202.685.6938

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of Defendant's Motion to Dismiss along with the Points and Authorities in Support thereof to be mailed, first-class postage prepaid mail, to:

Diasdado Gruspe
Libertad
San Narciso
2205 Zambales
Philippines,  601

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Christian A. Natiello