**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DIOSDADO GRUSPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1040 (JR) |
| | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss.

Plaintiff was born in the Philippines in 1937 and was employed by the Department of the Navy until his retirement in 1992.  *See* Compl. at 6 & Attach. (February 27, 2008 Decision of the United States Equal Employment Opportunity Commission, Appeal No. 0120080796) at 1.  According to plaintiff, he was an employee of the Navy for whom "no retirement deductions were withheld" and therefore became eligible "to make a deposit to the Civil Service Retirement and Disability Fund . . . during its open season from January 8, 1988 until January 8, 1990."  *Id.* at 1-2.  Plaintiff filed a claim in 2007 alleging that the Navy discriminated against him on the basis of his national origin when it "failed to inform [him]" of this opportunity to participate in the Fund.

*Id.* at 2.  The Navy "rejected [his] claim on the ground that [he has] no right to come within Title VII of the Civil Rights Act of 1964, as amended, pursuant to [29 C.F.R. § 1614.103(c)(4)] which provided that '[a]iens employed in positions . . . located outside of the United States' are not covered under Title VII."[1] *Id.* at 2.

Plaintiff claims that he is a dual citizen of the Philippines and of the United States because he was born in the Philippine Islands when the Philippine Islands were a territory of the United States.  He further contends that he thus became a United States citizen under the Fourteenth Amendment to the United States Constitution.  Compl. at 6.  He asks this Court to confirm his status as a United States citizen "so that the Department of the Navy allow[s] [him] to come within the meaning of the Civil Rights Act of 1964 in Title VII."  *Id.* at 7.

In *Licudine v. Winter*, 603 F. Supp. 2d 129 (D.D.C. 2009), this Court held that a person who, like plaintiff, was born in the Philippine Islands when the Philippines was a United States territory is neither a citizen nor a national of United States citizen.  *Id.* at 135-36.  Such a person, then, is an alien to

---

[1] The United States Equal Employment Opportunity Commission affirmed the Navy's dismissal of plaintiff's discrimination complaint "on the grounds of untimely EEO Counselor contact," and Commission found it "unnecessary to address the agency's dismissal . . . on alternative grounds." Compl., Attach. (February 27, 2008 Decision, Appeal No. 0120080796) at 2.

whom Title VII does not apply.  *Id.*

The Court will grant defendant's motion to dismiss.  An Order accompanies this Memorandum Opinion.

JAMES ROBERTSON
United States District Judge